47 F.3d 1167
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Loretta BARNETT and Harl Barnett, Plaintiffs-Appellants,
v.
BONNIE BELLE, INC. and the M/V BONNIE BELLE, Defendants-Appellees.
 No. 93-6622.
 United States Court of Appeals, Sixth Circuit.
 Jan. 5, 1995.
 
 On Appeal from the United States District Court for the Western District of Kentucky, No. 90-06808; C. Cleveland, Gambill, United States Magistrate Judge.
 DISMISSED.
 Before: WELLFORD, RYAN and BATCHELDER, Circuit Judges.
 PER CURIAM.
 
 
 1
 Plaintiff Loretta Barnett fell and injured herself while cleaning on an excursion vessel owned by the defendants while the vessel was between cruises. The magistrate granted the defendants' motion for summary judgment on the plaintiffs' maritime claims, holding that Loretta Barnett was not a "seaman" as a matter of law and therefore was not eligible for the protections of the Jones Act, 46 U.S.C.A. app. Sec. 688 (West Supp.1994). We dismiss the plaintiffs' appeal for lack of jurisdiction.
 
 
 2
 Albeit unartfully pled, the complaint makes clear that the plaintiffs not only state maritime claims under the Jones Act and the doctrine of unseaworthiness, but also raise a claim of general negligence on the part of the defendants.[1] Furthermore, although the magistrate's order states that the judgment is "a final judgment" with "no just cause for delay," that language alone is not sufficient to comply with Fed.R.Civ.P. 54(b). Under Rule 54(b), a court may enter a final judgment for fewer than all of the claims in a case "only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment." To certify an order under Rule 54(b), a court must "do more than just recite the 54(b) formula of 'no just reason for delay' " and provide a reasoned explanation. Solomon v. Aetna Life Ins. Co., 782 F.2d 58, 61 (6th Cir.1986).
 
 
 3
 Because the magistrate's order does not dispose of all of the claims in this case and is not sufficient for Rule 54(b) purposes, we lack jurisdiction to hear this appeal. For the foregoing reasons, we DISMISS the plaintiffs' appeal.
 
 
 
 [1]
 Indeed, as the magistrate noted, a genuine issue of material fact remained on an issue vital to the negligence claim: Whether Loretta Barnett's relationship with the defendants was that of an independent contractor or an employee